UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

E2INTERACTIVE, INC., and
INTERACTIVE COMMUNICATIONS
INTERNATIONAL, INC.,

        Plaintiffs,

v.

BLACKHAWK NETWORK, INC.,

        Defendant.

Case No. 09-CV-629

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiffs e2Interactive, Inc. ("e2Interactive") and Interactive Communications International, Inc. ("InComm") (collectively, "Plaintiffs") file this Complaint and Jury Demand against Defendant Blackhawk Network, Inc. ("Blackhawk"), and in support allege as follows:

**NATURE AND BASIS OF ACTION**

1. This is an action for patent infringement brought under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Plaintiffs seek injunctive relief, damages, and recovery of their reasonable costs and attorney fees.

**THE PARTIES**

2. Plaintiff e2Interactive is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business and home office at 250 Williams Street, Suite M-100, Atlanta, Georgia 30303.

3. Plaintiff InComm is a corporation organized and existing under the laws of the State of Florida, having a principal place of business and home office at 250 Williams Street,

Suite M-100, Atlanta, Georgia 30303.

4. Upon information and belief, Defendant Blackhawk is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 6220 Stoneridge Mall Road, Pleasanton, California 94588.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the United State Patent Act, 35 U.S.C. § 1, *et seq*.

6. This Court has personal jurisdiction over Blackhawk because Blackhawk has, *inter alia*, transacted business within this District and committed infringing acts within this District. Moreover, Blackhawk has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400.

**THE PATENT-IN-SUIT**

8. On August 25, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,578,439 entitled "System and Method for Authorizing Stored Value Card Transactions" ("the '439 Patent") and named Phillip Craig Graves, Merrill Brooks Smith, and Phil M. Chakiris as inventors. The '439 Patent has been assigned to e2Interactive. A true and correct copy of the '439 Patent is attached as Exhibit A.

9. The '439 Patent claims computer-implemented methods (claims 1-11), systems (claims 12-18), and computer programs (claims 19-29) for processing a stored value card

transaction request in a card data management system.

10.     InComm is the exclusive licensee to the '439 Patent, with the right to sue and recover for past infringement of the '439 Patent and any and all causes of action and remedies, either legal and/or equitable, related thereto.

## ACCUSED PRODUCT

11.     Upon information and belief, Blackhawk is infringing the '439 Patent by practicing, making, using, selling, or offering for sale in this judicial district and elsewhere the inventions claimed in the patents-in-suit through operation of Blackhawk's Gift Card Mall (upon information and belief, also marketed as "Gift Card Center" or "One Stop Gift Card Shop"), which includes such stored-value products as prepaid gift cards, prepaid ticket cards, prepaid sports cards, financial services cards, prepaid debit cards, prepaid long distance cards, and prepaid wireless cards.

12.     By virtue of a letter dated July 31, 2009 from InComm to Blackhawk, Blackhawk was placed on notice that the United States Patent and Trademark Office had issued a Notice of Allowance for the application for the '439 Patent.  As a result of at least this letter, Blackhawk had notice that the '439 Patent would soon issue.

## COUNT 1

### Patent Infringement

13.     Plaintiffs reallege and incorporate by reference the allegations set forth in ¶¶ 1 to 12 of their Complaint as if set forth fully herein.

14.     Upon information and belief, through operation of Blackhawk's Gift Card Mall, Blackhawk has infringed and continues to infringe, directly or indirectly, the '439 Patent, either

literally or under the doctrine of equivalents, by practicing, making, using, selling, or offering for sale products and processes that embody each element of at least claims 1, 3-7, 12, 14, 16, 19, and 21-25 of the '439 Patent.

15. Plaintiffs have been damaged by Blackhawk's past and continuing infringement of the '439 Patent in an amount to be determined at trial.

16. Plaintiffs have been and continue to be irreparably injured by Blackhawk's past and continuing infringement of the '439 Patent, and Blackhawk's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

17. Upon information and belief, Blackhawk has had knowledge of the '439 Patent by virtue of at least InComm's July 31, 2009 letter, yet has continued to operate its Gift Card Mall in a manner that infringes at least claims 1, 3-7, 12, 14, 16, 19, and 21-25 of the '439 Patent. Accordingly, Blackhawk's infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '439 Patent, and Plaintiffs accordingly are entitled to recover enhanced damages pursuant to 35 U.S.C. § 284 as well as their attorney fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues raised in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Declare that Blackhawk has directly or indirectly infringed the '439 Patent and that Blackhawk's infringement has been willful.

(b) Permanently enjoin Blackhawk, and all those in active concert or participation with it, from directly or indirectly infringing the '439 Patent, pursuant to 35 U.S.C. § 283.

(c) Award Plaintiffs damages in an amount to be proved at trial because of the injuries suffered by Plaintiffs by reason of Blackhawk's infringement of the '439 Patent.

(d) Increase the damages sustained by Plaintiffs up to three times the amount of their actual damages, as authorized by 35 U.S.C. § 284.

(e) Award Plaintiffs their attorney fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

(f) Award Plaintiffs prejudgment interest and costs pursuant to 35 U.S.C. § 284.

(g) Award Plaintiffs such other and further relief as this Court deems proper.

Respectfully submitted this 14th day of October, 2009.

//s//Matthew J. Duchemin
Matthew J. Duchemin
matthew.duchemin@quarles.com
Wisconsin Bar No. 1027594
Andrew M. Norman
andrew.norman@quarles.com
Wisconsin Bar No. 1055470
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703
Telephone: (608) 251-5000
Facsimile: (608) 251-9166

Of Counsel:
Robin L. McGrath
Holly S. Hawkins
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Plaintiffs e2Interactive, Inc. and Interactive Communications International, Inc.*