UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

E2INTERACTIVE, INC., and
INTERACTIVE COMMUNICATIONS
INTERNATIONAL, INC.,

                      Plaintiffs,        Case No. 09-CV-629

v.

BLACKHAWK NETWORK, INC.,

                      Defendant.

## BLACKHAWK NETWORK, INC.'S
## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant and Counterclaimant Blackhawk Network, Inc. ("Blackhawk") hereby answers the Complaint of Plaintiffs e2Interactive, Inc. ("e2Interactive") and Interactive Communications International, Inc. ("InComm") as follows:

### NATURE AND BASIS OF ACTION

1.      Blackhawk admits that the Complaint purports to allege an action arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.  Blackhawk further admits that the Complaint purports to seek injunctive relief, damages and recovery of reasonable costs and attorneys fees, but Blackhawk denies that InComm is entitled to any relief.

### THE PARTIES

2.      Blackhawk is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies them.

3.      Blackhawk is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4. Blackhawk admits that it is a corporation organized and existing under the laws of the State of Arizona and that Blackhawk has a principal place of business at 6220 Stoneridge Mall Road, Pleasanton, California 94588.

## JURISDICTION AND VENUE

5. Blackhawk admits that the Complaint purports to allege claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and bases subject matter jurisdiction on 28 U.S.C. §§ 1331 and 1338(a).

6. Blackhawk denies each and every allegation contained in paragraph 6 of the Complaint.

7. Blackhawk denies each and every allegation contained in paragraph 7 of the Complaint.

## THE PATENT-IN-SUIT

8. Blackhawk admits that a copy of United States Patent No. 7,578,439 (the "'439 patent") is attached to the Complaint as Exhibit A. Blackhawk admits that the '439 patent states on its cover page that it is entitled "System and Method for Authorizing Stored Value Card Transactions," that Phillip Craig Graves, Merrill Brooks Smith, and Phil M. Chakiris are listed as inventors, that the Date of Patent is August 25, 2009, and that the Assignee is listed as e2Interactive, Inc. Blackhawk is without knowledge or information sufficient to form a belief as to the truth or falsity as to whether the '439 patent is assigned to e2Interactive, and therefore denies the allegation. Blackhawk denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Blackhawk denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Blackhawk is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, and therefore denies them.

## ACCUSED PRODUCT

11. Blackhawk denies each and every allegation contained in paragraph 11 of the Complaint.

12. Blackhawk denies each and every allegation contained in paragraph 12 of the Complaint.

## COUNT I

## (PATENT INFRINGEMENT)

13. Blackhawk incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14. Blackhawk denies each and every allegation contained in paragraph 14 of the Complaint.

15. Blackhawk denies each and every allegation contained in paragraph 15 of the Complaint.

16. Blackhawk denies each and every allegation contained in paragraph 16 of the Complaint.

17. Blackhawk denies each and every allegation contained in paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

Blackhawk asserts the following affirmative defenses. Blackhawk reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

### FIRST AFFIRMATIVE DEFENSE

18. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19. The '439 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

20. Blackhawk has not infringed and does not infringe, either directly or indirectly, any of the claims of the '439 patent, either literally, under the doctrine of equivalents, willfully or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

21. e2Interactive and InComm are estopped, by virtue of cancellations, amendments, representations, and concessions made to the United States Patent and Trademark Office (the "USPTO") during the prosecution of the '439 patent and/or the prosecution of any applications or patents from which it claims priority, from construing any claim of the '439 patent to have been infringed by Blackhawk.

**FIFTH AFFIRMATIVE DEFENSE**

22. To the extent that e2Interactive (or InComm) does not own all rights to the '439 patent, InComm's Complaint must be dismissed for lack of standing.

**SIXTH AFFIRMATIVE DEFENSE**

23. 35 U.S.C. § 287 limits recovery of damages, if any, by e2Interactive and InComm.

**SEVENTH AFFIRMATIVE DEFENSE**

24. e2Interactive and InComm are not entitled to injunctive relief because any injury is not immediate or irreparable, an adequate remedy at law exists, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**EIGHTH AFFIRMATIVE DEFENSE**

25. e2Interactive and InComm are precluded from recovering on their claims for relief pursuant to the doctrines of acquiescence, estoppel, laches, waiver, prosecution laches and/or other applicable equitable doctrines.

**NINTH AFFIRMATIVE DEFENSE**

26. e2Interactive and InComm are precluded from recovering on their claims for relief pursuant to the doctrine unclean hands, including but not limited to their conduct before the USPTO.

**TENTH AFFIRMATIVE DEFENSE**

27. The '439 patent is unenforceable because the applicants, their attorneys, and/or the named inventors, or their representatives, assignees, or others substantively involved in the prosecution, committed inequitable conduct during the prosecution of the application that led to the '439 patent.

28. The applicants, their attorneys, and/or the named inventors, and others substantively involved in the prosecution, owed a duty of candor and good faith to the USPTO in connection with prosecuting the application that led to the '439 patent. Among other things, this duty includes the obligation to disclose and bring to the examiner's attention material information of which the applicant is aware, including but not limited to material prior art and other information that a reasonable examiner would consider important in deciding whether to grant the patent. The duty of candor also includes the obligation not to make material misrepresentations to the examiner or otherwise mislead or deceive the examiner.

29. The applicants and others substantively involved in the prosecution of the '439 patent committed acts or made material omissions that, individually and taken together, reveal a pattern of conduct and an intent to deceive the examiner in order to obtain the '439 patent. In particular, and by way of example, applicants had knowledge of several material prior art references during the prosecution of the '439 patent. These references are cited in patent applications filed by one or more of the inventors named in the '439 patent and/or assigned to the assignee of the '439; however, applicants failed to cite them to the USPTO for consideration in whether to allow the claims sought in the '439 application. These references include at least U.S. Patent No. 6,494,367 to Zacharias, U.S. Patent No. 6,648,222 to McDonald *et al.*, and U.S. Patent No. 7,054,842 to James *et al.* Applicants have cited material references to the USPTO in

other patent applications that applicants consider related to the '439 (but are outside the '439 patent family); however, applicants failed to cite these references to the USPTO for consideration in whether to allow the claims sought in the '439 application. These references include at least U.S. Patent No. 6,473,500 to Risafi *et al.* and U.S. Patent No. 5,945,653 to Walker *et al.*

30. The applicants and others substantively involved in the prosecution also took steps to mislead the examiner with respect to the significance of U.S. Patent No. 6,000,608 to Dorf ("Dorf"). First, the Dorf reference was considered particularly important to appear in the Background of the Invention in previously filed applications from which the '439 patent purports to claim priority. But when the applicants filed the new application that led to the '439 patent, which application was assigned to a new examiner (Examiner Trail), applicants dropped the discussion of Dorf from the specification. During the prosecution of the '439 application, the applicants did not cite Dorf or call it to the attention of the examiner. Nor did the applicants inform the examiner that a previous examiner had rejected claims directed to similar technology based on Dorf. In a previous application before USPTO Examiner Subramanian (Application No. 10/655,828), the examiner relied on Dorf as a ground to reject claims directed to similar technology as the '439 patent. No claims have issued in the '828 application. Two of the named inventors and the prosecuting attorneys of the '828 application are also the named inventors and prosecuting attorneys of the application that led to the '439 patent. There is a substantial likelihood that a reasonable examiner would consider Dorf important in deciding whether to allow the application that led to the '439 patent to issue as a patent.

31. In addition, applicants and/or others substantively involved in the prosecution of the application that led to the '439 patent omitted material information with respect to the claims sought in the application that led to the '439 patent. In particular, the applicants citation of prior art was deceptively incomplete. Applicant's disclosure statements cited to Examiner Trail included various references that also had been cited in previous applications from which applicants claimed priority. But applicants dropped and did not cite several important

references, including U.S. Pub. No. 2003/0061157 to Hirka *et al.*, U.S. Patent No. 6,173,272 to Thomas *et al.*, U.S. Patent No. 6,000,608 to Dorf, U.S. Patent No. 6,381,631 to Van Hoff, and U.S. Patent No. 5,903,633 to Lorsch, material references that the different examiner in the '828 application relied on to reject claims multiple times. These references also are part of a larger set of references that the Applicants selectively, and on information and belief with intent to deceive, omitted and failed to disclose to the examiner in the application that led to the '439 patent. These other material prior art references include at least U.S. Patent No. 6,375,073 to Aebi *et al.*, U.S. Pub. No. 2002/0115424 to Bagoren *et al.*, U.S. Patent No. 6,588,658 to Blank, U.S. Patent No. 6,332,135 to Conklin *et al.*, U.S. Patent No. 6,270,012 to Dawson, U.S. Patent No. 6,434,379 to Despres *et al.*, U.S. Patent No. 6,215,999 to Dorenbosch, U.S. Patent No. 6,189,787 to Dorf, U.S. Patent No. 6,314,171 to Dowens, U.S. Patent No. 5,918,909 to Fiala *et al.*, U.S. Pub. No. 2002/0119767 to Fieldhouse *et al.*, U.S. Pub. No. 2001/0042784 to Fite *et al.*, U.S. Pub. No. 2003/0028481 to Flitcroft *et al.*, U.S. Pub. No. 2002/0133457 to Gerlach *et al.*, U.S. Patent No. 6,315,206 to Hansen *et al.*, U.S. Patent No. 6,208,851 to Hanson, U.S. Patent No. 6,424,706 to Katz *et al.*, U.S. Pub. No. 2001/0023415 to Keil, U.S. Patent No. 6,745,022 to Knox, U.S. Pub. No. 2003/0194988 to Knox, U.S. Patent No. 6,282,566 to Lee *et al.*, U.S. Patent No. 6,592,035 to Mandile, U.S. Patent No. 6,285,749 to Manto, U.S. Pub. No. 2002/0101966 to Nelson, U.S. Patent No. 7,171, 199 to Rahman, U.S. Patent No. 6,185,545 to Resnick *et al.*, U.S. Patent No. 6,445,780 to Rosset, U.S. Pub. No. 2003/0055782 to Slater, U.S. Pub. No. 2002/0077076 to Suryanarayana *et al.*, and U.S. Patent No. 5,274,845 to Wang.

32. The applicants also made material misrepresentations to the USPTO examiner regarding the priority date to which the '439 patent is entitled, in order to overcome a rejection of the claims based on applicants' own previous patent. The applicants represented to the examiner in an April 8, 2009 Amendment and Response to Office Action that the "subject matter claimed in the present invention reaches back to the original provisional filing" of August 19, 1999. This is false – at a minimum, the provisional contains no disclosure relating to the redemption of stored value cards. The applicants false and misleading claim of priority is another example of

inequitable conduct which individually and taken together with other conduct reveals an intent to deceive the examiner in an effort to obtain issuance of the '439 patent.

33. The information withheld, omitted, or misrepresented was and is material to one or more claims of the patent-in-suit. There is a substantial likelihood that a reasonable examiner would consider the information important in deciding whether to allow the application that led to the '439 patent to issue as a patent. On information and belief, the applicants, their attorneys, and/or the named inventors, or their representatives, assignees, or others substantively involved in the prosecution, withheld and misrepresented the foregoing information with intent to deceive the USPTO. As a result, the '439 patent is unenforceable.

## PRAYER FOR RELIEF ON E2INTERACTIVE AND INCOMM'S COMPLAINT

WHEREFORE, Blackhawk prays for judgment against e2Interactive and InComm on e2Interactive and InComm's Complaint, as follows:

A. That e2Interactive and InComm take nothing by its Complaint;

B. That e2Interactive and InComm's Complaint be dismissed with prejudice;

C. That the Court enter judgment against e2Interactive and InComm and in favor of Blackhawk in all respects;

D. That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and award attorneys' fees and costs to Blackhawk in this action; and

E. For such other and further relief as the Court deems just and equitable.

## BLACKHAWK'S COUNTERCLAIMS

Blackhawk brings these Counterclaims against e2Interactive and InComm pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows. All preceding paragraphs of this Answer are incorporated in full.

34. Counterclaimant Blackhawk Network, Inc. ("Blackhawk") is an Arizona corporation with a principal place of business located at 6220 Stoneridge Mall Road, Pleasanton, California 94588.

35. Upon information and belief, Counterdefendant e2Interactive, Inc. ("e2Interactive") is a corporation of the State of Georgia, having a principal place of business at 250 Williams Street, Suite M-100, Atlanta, Georgia 30303.

36. Upon information and belief, Counterdefendant Interactive Communications International, Inc. ("InComm") is a corporation of the State of Florida, having a principal place of business at 250 Williams Street, Suite M-100, Atlanta, Georgia 30303.

37. These are claims for a declaratory judgment of non-infringement, invalidity and unenforceability with respect to the patent-in-suit.

38. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because an actual, justiciable controversy exists between Blackhawk and InComm. In particular, InComm has filed a Complaint alleging that Blackhawk is infringing U.S. Patent No. 7,578,439 (the '439 patent), and Blackhawk denies InComm's material allegations. Although this venue is an inconvenient venue for the parties in this particular matter, in the event that this action remains in this District, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c) because, among other things, InComm has filed a Complaint against Blackhawk in this judicial district.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT (NON-INFRINGEMENT)

39. Blackhawk incorporates by reference all preceding paragraphs of its Answer and Counterclaims as if set forth fully herein.

40. In the Complaint filed in the present action, e2Interactive and InComm allege that e2Interactive is the assignee of the '439 patent and that InComm is the exclusive licensee of the '439 patent.

41. In the Complaint filed in the present action, e2Interactive and InComm have accused Blackhawk of infringing at least claims 1, 3-7, 12, 14, 16, 19, and 21-25 of the '439 patent. On information and belief, e2Interactive and InComm allege that at least these claims of the '439 patent are valid and enforceable.

42. Blackhawk has not infringed and does not infringe, either directly or indirectly, any of the claims of the '439 patent, either literally, under the doctrine of equivalents, willfully or otherwise.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT (INVALIDITY)

43. Blackhawk incorporates by reference all preceding paragraphs of its Answer and Counterclaims as if set forth fully herein.

44. The '439 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT (UNENFORCEABILITY)

45. Blackhawk incorporates by reference all preceding paragraphs of its Answer and Counterclaims as if set forth fully herein.

46. Each of the claims of the '439 patent are unenforceable at least due to inequitable conduct during the prosecution of the application that led to the '439 patent, during which the inventors and/or others substantively involved in the prosecution improperly, fraudulently and with intent to deceive, failed to disclose material information and made other material omissions or misrepresentations, at least as described in paragraphs 27 through 33 above.

## JURY DEMAND

Defendant and Counterclaimant Blackhawk hereby demands trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF ON BLACKHAWK'S COUNTERCLAIMS

WHEREFORE, Blackhawk prays for judgment on Blackhawk's Counterclaims, as follows:

A. For the dismissal of e2Interactive and InComm's Complaint with prejudice;

B. For a declaration that Blackhawk has not infringed and does not infringe, either directly or indirectly, any of the claims of the '439 patent, either literally, under the doctrine of equivalents, willfully or otherwise;

C. For a declaration that the '439 patent is invalid;

D. For a declaration that the '439 patent is unenforceable;

E. For judgment against e2Interactive and InComm and in favor of Blackhawk in all respects;

F. For a determination that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees, costs, and prejudgment interest to Blackhawk in this action; and

G. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*s/ James D. Peterson*
James D. Peterson

James D. Peterson
State Bar No. 1022819
Brian J. Cahill
State Bar No. 1055439
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: jpeterson@gklaw.com

*Of Counsel:*

IRELL & MANELLA LLP
Morgan Chu (CA Bar No. 70446)
Richard M. Birnholz (CA Bar No. 151543)
Benjamin T. Wang (CA Bar No. 228712)
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Fax: (310) 203-7199
Email:  mchu@irell.com
   rbirnholz@irell.com
   bwang@irell.com

Attorneys for Blackhawk Network, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed through the Court's CM/ECF system, which will provide notification and service to the counsel of record listed below:

>Robin L. McGrath
>Holly S. Hawkins
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA 30309-3424
>
>Matthew J. Duchemin
>Andrew M. Norman
>Quarles & Brady LLP
>33 East Main Street
>Suite 900
>Madison, Wisconsin 53703

*s/James D. Peterson*
James D. Peterson

4431519_1