IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

E2INTERACTIVE, INC. and
INTERACTIVE COMMUNICATIONS　　　　　　　　　OPINION AND ORDER
INTERNATIONAL, INC.,
　　　　　　　　　　　　　　　　　　　　　　　09-cv-629-slc
　　　　　　　　Plaintiffs,
　　v.

BLACKHAWK NETWORK, INC.,

　　　　　　　　Defendant.

---

In this patent lawsuit, plaintiffs e2Interactice, Inc. and Interactive Communications International, Inc. (InComm) allege that defendant Blackhawk Network, Inc. is infringing plaintiffs' patent related to prepaid gift cards. Blackhawk has moved to transfer this case to the Northern District of California, *see* dkt. 75, while InComm seeks to keep the case here, *see* dkt. 87. It is a close call, but for the reasons stated below, I am denying the motion. InComm's interest in the speedy resolution of this patent lawsuit against a direct competitor outweighs transferring this case to a district that is relatively more convenient to Blackhawk.

From the documents submitted by the parties in connection with the transfer motion,[1] I accept the following facts solely for the purpose of deciding this motion:

ALLEGATIONS OF FACT

Plaintiff e2Interactive, Inc. is a Georgia corporation and Interactive Communications International, Inc. is a Florida corporation. Both plaintiffs have principal places of business in Atlanta, Georgia. Plaintiffs assert U.S. Patent No. 7,578,439 (the '439 patent), entitled "System and Method for Authorizing Stored Value Card Transactions," which claims computer-implemented methods, systems and computer programs for processing transaction requests in

---

[1] When deciding a transfer motion, a court may receive and weigh affidavits submitted by the parties. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293-94 (7th Cir. 1989).

a card data management system. The '439 patent was issued on August 25, 2009 and has been assigned to e2Interactive.

InComm is the sole licensee to the patent. It markets and distributes stored-value gift and prepaid products and partners with various consumer brands to sell its products at retail locations worldwide. InComm and two of its subsidiaries are registered to do business in California.

Defendant Blackhawk Network, Inc. is an Arizona corporation with its principal place of business in Pleasanton, California, a city located in the Northern District of California. Blackhawk is a subsidiary of Safeway Inc., a former merchant customer of InComm. In approximately 2001, Safeway created Blackhawk to provide prepaid gift card services. In 2003, Blackhawk was incorporated to continue the gift card business and is now a direct competitor of InComm. Blackhawk operates a Gift Card Mall, which includes prepaid gift, ticket, sports, financial services, debit, long distance and wireless cards. The cards typically correspond to a brand or store but are sold by a different retailer, such as a grocery store, supermarket or drug store chain. The cards have no value until the retailer communicates over the Blackhawk network to activate it. Two of the companies through which Blackhawk sells its products are located in the Western District of Wisconsin. Blackhawk partners with over 200 companies, 15 of which operate about 130 stores in the Western District of Wisconsin: Best Buy (7 stores), Copps Food Centers (16), Cubs Food (2), Hy-Vee Food Stores (1), K-Mart (16), Kohl's (12), Michaels (5), Office Max (2), Pick 'N Save (12), PigglyWiggly (4), Schnuck Markets (1), Sears (19), ShopKo (23), Staples (7), and Toys R Us (3).

Of Blackhawk's 380 employees worldwide, 270 work in Pleasanton, including its senior management, application engineers, systems engineers, platform managers, developers and other

personnel familiar with its products and services. Blackhawk has identified by name and position several employees whom it intends to call at trial, *see* dkt. 76 at 17. The source code, design, development and operation of Blackhawk's systems also are located in Pleasanton.

The named inventors of the '439 patent are Graves, Smith and Chakiris, who are all located in Atlanta, Georgia. The patent prosecution attorneys are from the firm of Hunton & Williams in Virginia. A prior art reference is issued to Robert Lorsch, who resides in California. Arthur Van Hoff, the inventor and assignee of another prior art reference, is located in the Northern District of California. Blackhawk has named 24 other potential non-party witnesses, none of whom reside in Wisconsin or California.

The median time from filing to trial in this district was 15 months in 2009, whereas the median time from filing to trial in the Northern District of California was 24.5 months in 2009. A 2009 patent litigation study showed that the median time to trial in patent cases was 1.01 years in the Western District of Wisconsin and 2.72 years in the Northern District of California.

InComm filed its lawsuit in this court on October 14, 2009, *see* dkt. 1, about seven weeks after the patent issued, and served it on Blackhawk five days later, on October 19, 2009, *see* dkt. 4. Pursuant to a recent stretching of this court's scheduling template (triggered by a persistent judicial vacancy), this court set this case for trial in June, 2011, then on June 17, 2010 kicked the trial date back to November, 2011 as a result of a discovery moratorium prompted by Blackhawk's motion to disqualify InComm's counsel. *See* dkt. 66. Blackhawk filed its motion to transfer on July 8, 2010, *see* dkt. 75, three weeks after we rescheduled the case and about nine months after being served with the complaint.

3

ANALYSIS

Section 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Transfer is proper when: (1) venue is proper in the transferor district; (2) the transferee district is one in which the action could have been brought; and (3) the transferee court is "clearly more convenient." *Id.* The moving party bears the burden of establishing that the transferee forum. *See also In re Affymetrix, Inc.*, 2010 WL 1525010 (Fed. Cir. 2010) (movant must make clear and indisputable showing that on balance, convenience and interests of justice strongly favor transfer).

The parties do not dispute that personal jurisdiction exists over Blackhawk in the Northern District of California. As a result, venue also would be proper in that district. 28 U.S.C. § 1391; *Hoffman v. Blaski*, 363 U.S. 335, 244 (1960); *Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1172 (W.D. Wis. 2007). Additionally, there is no dispute that subject matter jurisdiction is present in the Northern District of California as this is a patent suit brought under 28 U.S.C. § 1338(a).

In assessing the convenience to the parties and witnesses, factors to consider include the plaintiff's choice of forum, the situs of material events and ease of access to sources of proof. *Harley-Davidson, Inc. v. Columbia Tristar Home Video*, 851 F.Supp. 1265, 1269 (E.D. Wis. 1994); *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 829 (N.D. Ill. 1990). Generally, courts hesitate to disturb a plaintiff's choice of forum unless the transfer factors balance strongly favors defendant. *In re National Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). The reason is the convenience to plaintiff. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). However,

"the presumption in favor of the plaintiff's choice of forum is diminished when it is not its home forum." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir.2008) ("The more tenuous a party's relation to the forum, the weaker its case for litigating there.")

In this case, neither plaintiff is located in the Western District of Wisconsin and neither has any particular connection to this state. e2Interactive and InComm are based in Georgia and, presumably, most of their employees are located there. Although plaintiffs have not yet identified any trial witnesses, the named inventors are located in Georgia and the patent prosecution attorneys are in Virginia. Therefore, neither Wisconsin nor California is more convenient to plaintiffs. As a result, plaintiffs have not shown that their choice of forum deserves great deference. On the other hand, the Northern District of California is demonstrably more convenient for Blackhawk. Blackhawk has its principal place of business in the Northern District and most of its employees and documents are located there. Even so, this court does not place great weight on the location of defendant's employee witnesses because it assumes that "witnesses within the control of the party calling them, such as employees, will appear voluntarily," or without subpoena. *Illumina, Inc. v. Affymetrix, Inc.*, 2009 WL 3062786, *3 (W.D. Wis. Sept. 21, 2009). Similarly, although the access to proof is a traditional convenience concern, recent technology has ameliorated, if not obviated, this concern. *Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). "[T]he ease with which these materials may be transported causes the location of sources of proof to be a neutral factor." *Illumina,*, 2009 WL 3062786, *3.

The situs of material events is a neutral factor in the analysis. On the one hand, plaintiffs have submitted evidence showing that Blackhawk sells its products through various retail chains that have over a hundred stores in Western Wisconsin, providing a suitable connection to this

district for this lawsuit to be resolved here. *In re Affymetrix*, 2010 WL 1525010 at *2. Even so, most of these retailers are national chains with stores scattered across America. Nothing about their business in Western Wisconsin suggests that this forum is more appropriate than any other forum. *See id.* at *2, n.1.

In short, most of the relevant factors are neutral, but there is a tilt toward California. That said, when considering a motion to transfer venue, a court often must look beyond the convenience of one party to determine whether transfer will promote the interests of justice. *Coffey*, 796 F.2d at 219-20; *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). These interests may be determinative in a particular case, even if the convenience of the parties and witnesses suggests a different result. *Coffey*, 796 F.2d at 221 ("The 'interest of justice' . . . may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.") (citations omitted). With this in mind, "[f]actors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as whether a transfer would help the litigants receive a speedy trial. *Id.* at 221; *Heller Financial, Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (citing *Coffey*, 796 F.2d at 221); *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963) ("The relative speed with which an action may be resolved is an important consideration when selecting a venue.").

Plaintiffs specifically chose the Western District because of its speed to trial, observing that it has become commonplace for patent holders with no connection to this district to file lawsuits here because this court is so fast and tends to keep such cases rather than foist them onto other courts. Swift resolution can be particularly important in patent cases because delay might frustrate a patent holder's rights and the value of its patent. *Milwaukee Electric Tool Corp.*,

392 F. Supp 2d. at 1065 (W.D. Wis. 2005). This is all the more true in a case between direct competitors in a dynamic market where the dispute involves a recent patent. *See In re Affymetrix*, 2010 WL 1525010 at *1. Given the relative speed of the civil dockets in this district and the Northern District of California, plaintiffs almost certainly will get a speedier trial in this district. Although this court was slow out of the blocks, we have a firm trial date about 13 months hence. If this case were to be transferred to California, the clock likely would start over, which would portend a trial in late 2012 or early 2013.

Blackhawk's prediction that a judge in San Francisco "would undoubtedly consider events to date" may be true, but it provides no reason to believe that the judge would be willing or able to bump this case to trial on a faster track. Even though Blackhawk had a legitimate reason to wait for a decision on its motion to disqualify before moving to transfer, this delay still militates against transfer because it is dead time against any calendar that could have been set by a Northern District Court. Viewed objectively, all indications point toward a significantly quicker resolution of this case in this court than in the Northern District of California.

This court is not so zealous in its exaltation of Rule 1 that it feels compelled to clutch tightly every patent lawsuit filed here regardless of circumstance. *Cf. Matter of Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995) (court cannot impose a presumption against transfer higher than the standard set by the rules). We all know that speed alone is insufficient to defeat a transfer motion when the other factors establish that another forum clearly is more convenient. *In re Affymetrix*, 2010 WL 1525010 at *3; *Lineage Power Corp. v. Synqor, Inc.*, 2009 WL 90346, *5 (W.D. Wis. Jan. 13, 2009). However, Blackhawk has not clearly shown that the inconveniences it will experience by trying this case in Madison outweigh InComm's legitimate interest in resolving this patent dispute more quickly in this court.

ORDER

IT IS ORDERED that defendant Blackhawk Network, Inc.'s motion to transfer this case to the United States District Court for the Northern District of California is DENIED.

Entered this 5th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge