IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

E2INTERACTIVE, INC. and INTERACTIVE
COMMUNICATIONS INTERNATIONAL, INC.,                    ORDER

               Plaintiffs,                                    09-cv-629-slc

v.

BLACKHAWK NETWORK, INC.,

               Defendant.

---

At about 6:45 p.m. on Friday, February 24, 2012, the jury returned a special verdict finding that defendant Blackhawk infringed claims 1 and 19 of Incomm's '439 patent. The court directed the jury to return at 9:00 a.m. on Monday, February 27, 2012 for the damages phase of the trial. Before the court are the parties' motions regarding how the court should conduct the damages phase. I will address the motions in the order they were filed:

**Dkt. 440: Incomm's Brief in Support of Presenting Evidence Regarding Competition**

**Dkt. 444: Blackhawk's Response**

Incomm asks the court to clarify whether it may delve more deeply into its competitive relationship with Blackhawk during the damages phase of the trial. Blackhawk does not oppose this motion in general, but opposes any attempt by Incomm to dredge up evidence regarding the details of the parties' former business relationship, which predates the '439 patent by over five years. Blackhawk is correct: an objective recitation of the competitive relationship between the parties during the period relevant to the royalties analysis is admissible. Anything beyond that is excludable pursuant to F.R. Ev. 403.

**Dkt. 441: Blackhawk's Motion To Exclude the Opinions of Bruce McFarlane**

**Dkt. 443: Incomm's Response**

Blackhawk's motion to exclude pick up a point that Blackhawk raised in a different context before the last day of the jury trial on liability, *see* dkt. 433 at 6-8. According to Blackhawk, Incomm's damages expert, Bruce McFarlane, did not separately consider the number of transactions processed through BLISS when calculating damages. Blackhawk further observes that Incomm's written discovery on damages did not seek a breakout as to how many of the transactions routed through BLAST were processed by BLISS. Blackhawk offered this argument during the liability phase to convince the court that it should find Incomm's liability expert guilty of sandbagging when he testified that if BLAST alone did not infringe claims 1 and 19 (and he had opined that it did) then BLAST in combination with BLISS certainly did so. The court declined to strike this testimony by Incomm's liability expert.

In a related ruling that is relevant to Blackhawk's current motion to exclude damages testimony, in the same February 23, 2011 order the court construed the preambles of claims 1 and 19 *not* to require the central processor to perform the four "steps" claimed. This mid-trial construction was necessary because Blackhawk's liability expert had based her opinion in part on her construction of the preambles of claims 1 and 19 *did* require the central processor (BLAST) alone to perform all four "steps" of the claims. The court's construction simply removed the limitation that Blackhawk's expert had sua sponte construed into the preambles. The court issued its claim construction order in text-only form at 5:36 p.m. on Thursday, February 23, 2012, *see* dkt. 431, so that the parties could digest it and react to it overnight, before we resumed proceedings on Friday morning. Important to the instant analysis, after receiving this order, neither Incomm nor

Blackhawk asked the court to modify the special verdict form on liability to require the jury to indicate whether BLAST alone infringed claims 1 or 19, or whether infringement occurred only when BLAST routed a transaction to BLISS.[1] Blackhawk's expert modified her testimony to comport with the court's construction of the limitations of the preamble, then offered her opinion that BLAST alone did not perform the four steps of claims 1 and 19. During closing argument, Incomm argued that BLAST alone did indeed perform all four steps and did meet the limitations of the preamble, but that if the jury was not convinced that this was so, then BLAST in conjunction with BLISS did so. The jury returned a special verdict that did not differentiate between Incomm's two theories of liability, because nobody asked it to differentiate. From the court's perspective, both sides are responsible for this outcome, so neither side is entitled to corrective action based on what the other side did or failed to do in this regard.

The result is that, despite Blackhawk's adamantly struthious contention to the contrary, at this juncture we do not know whether the jury found that Blackhawk infringes claims 1 and 19 through its use of BLAST alone or through its use of BLAST in conjunction with BLISS. Therefore, there is no basis for the court to conclude that the analysis and conclusions of InComm's damages expert are flawed simply because they looked at all transactions processed by BLAST and did not consider separately the subset of transactions routed by BLAST through BLISS. It may be that the jury finds the expert's testimony unhelpful, and therefore ignores it (which also could be true of defendant's damages expert, who did not break out the BLAST>BLISS transactions), but given the parties' approach to the special verdict on liability, this would simply hoist them on their own petard. The court will not strike either expert's testimony.

---

[1] Either side could have done so that morning or during the jury instruction conference that followed the close of the evidence. Both sides signed off on the more general special verdict that the court had circulated prior to the final pretrial conference.

On the other hand, neither will the court permit either expert to create new opinions to account for the ambiguity inherent in the liability verdict. So that we are all on the same page, an opinion that is a fully contained subset of the current opinion is not "new." If either expert had before him at the time he rendered his opinion a breakout of the actual number of BLAST>BLISS transactions during the operative time period, and if the expert's opinion as to the royalty rate per transaction does not change for this subset, then the court will not prohibit either expert from presenting a smaller number based on multiplying the smaller number times the rate. But the witness first must show the court the document he had at the time he wrote his report that contains the number of BLAST>BLISS transactions, and must proffer that the royalty rate does not change.[2] It would be helpful if the parties could present such proof, if they have it, not later than 7:00 a.m. tomorrow morning, Monday, February 27, 2012, so that the court has it before our 8:00 a.m. status conference.

This segues to Incomm's proposed amendment to the damages verdict form, which Blackhawk opposes:

**Dkt. 442: Incomm's Motion to Amend Jury Instructions and Verdict Form**

**Dkt. 445: Blackhawk's Response**

In a two-part motion, Incomm suggests that the uncertainty over the basis for the jury's liability verdict can be dispelled by breaking out the issue into two questions in the damages verdict. Blackhawk opposes the proposal, arguing that it is too late to ask the jury to differentiate between Incomm's two theories of liability. Blackhawk is correct. It may be, as Blackhawk suggests, that the jury split between a finding that BLAST alone infringed and a that BLAST only infringed in

---

[2] A change in the royalty rate constitutes a new opinion and shall not be permitted.

conjunction with BLISS. Asking them to do so now would be to revisit the liability phase of the trial, which is over. This points to another possibility: if the jury never reconciled the two theories of liability in reaching a liability verdict, how can they determine a royalty? This is fair argument to the jury, but it is not a basis to strike the damages phase of the trial.

Moving on, Blackhawk does not oppose Incomm's proposed edit of the instruction regarding Incomm's burden of persuasion on the amount of damages (as opposed to its entitlement to damages), so the court will amend the instruction.

Finally, and perhaps tongue in cheek, Blackhawk states that it would no oppose the court vacating the liability verdict and retrying this case. Perhaps someday this case will be retried, but not until we've completed post trial motions practice and if necessary, received a ruling on any appeal. At this juncture, we will play out the hand, obtain a verdict on damages, and move on to the next phase of this case.

Entered this 26th day of February, 2012 at 11:55 a.m.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5