IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

E2INTERACTIVE, INC. and
INTERACTIVE COMMUNICATIONS                    ORDER
INTERNATIONAL, INC.,
                                                                                      09-cv-629-slc

                Plaintiffs,

     v.

BLACKHAWK NETWORK, INC.,

                Defendant.

---

    1. IT IS ORDERED THAT Defendant Blackhawk Network, Inc.'s ("Blackhawk") and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with such persons who receive actual notice of this Order ("the enjoined parties") shall be permanently enjoined, pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(d), from making, using, selling, or offering to sell in the United States methods and computer programs adjudged to have infringed claims 1 or 19 of United States Patent No. 7,578,439 ("the '439 Patent") until the expiration of the '439 Patent on June 21, 2021. Specifically, the methods and computer programs adjudged to have infringed claims 1 or 19 of the '439 Patent are contained in the following lines of computer source code from the RAPTransaction Validator Code of Blackhawk's Blast computer system (DX555): lines 50-55 and 57-67 ("the Infringing Conduct").

    2. IT IS FURTHER ORDERED THAT the enjoined parties are permanently enjoined from making, using, selling, or offering to sell in the United States methods and/or computer programs that are not more than colorably different than the Infringing Conduct.

    3. IT IS FURTHER ORDERED THAT plaintiffs e2Interactive, Inc. and Interactive Communications International, Inc. (collectively "InComm") may conduct audits of the

produces, services, or computer code, including any Source Code Control Systems, of the enjoined parties to confirm compliance with this Order on the following terms and conditions or on such future terms and conditions as this Court may hereafter order: The audits will be conducted by an independent third party, the expense of which will be borne by InComm, and will comply with the Source code provisions of the Protective Order (paragraphs 15-18 of Docket No. 97-1). The findings of such audits will be available only to (i) InComm's outside attorneys, (ii) the independent third party auditor, (iii) the Court, and (iv) the enjoined parties and their attorneys. In addition to these categories, if the auditor finds that an enjoined party may not be in compliance with the terms of this Order, the auditor shall provide written notice and a copy of his findings to only Blackhawk and one of InComm's in-house attorneys to permit InComm to understand the reason(s) and extent of the enjoined parties' non-compliance. The audits may be conducted a maximum of twice per calendar year, during the course of normal business hours, and upon electronic or written notice of at least five business days to the enjoined parties. Notice to the enjoined parties shall be to: Blackhawk Network, Inc., 5918 Stoneridge Mall Road Attn: General Counsel, Pleasanton, CA 94588.

    4.  IT IS FURTHER ORDERED THAT the enjoined parties are permanently enjoined from advertising, promoting, or otherwise stating that their stored value card services, systems, and/or computer programs include: configurable transaction types per merchant and transaction types permitted at merchant locations.

    5.  IT IS FURTHER ORDERED THAT the enjoined parties shall undertake whatever means necessary or appropriate to ensure that this Order is properly complied with.

6. IT IS FURTHER ORDERED THAT this injunction shall run until the expiration of InComm's '439 Patent on June 21, 2021, unless there is a final non-appealable decision by a court or administrative body of competent jurisdiction that claims 1 and 19 of the '439 Patent are invalid, unenforceable, and/or not infringed. In such an instance, this injunction shall run until the date of that decision.

7. IT IS FURTHER ORDERED THAT this Court retains jurisdiction over the enjoined parties to enforce any and all aspects of this Order.

8. IT IS FURTHER ORDERED THAT this Court retains jurisdiction to award InComm amounts of supplemental damages, interest, costs, attorneys' fees and such other or further relief as may be just and proper.

Entered this 6th day of December, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge