# UNITED STATES DISTRICT COURT
for the

Western District of Wisconsin

| | |
|---|---|
| e2Interactive, Inc., and Interactive Communications International, Inc. <br> v. <br> Blackhawk Network, Inc | ) <br> ) <br> ) Case No.: 2:09-cv-629-slc <br> ) <br> ) <br> ) |

## BILL OF COSTS

① 

Judgment having been entered in the above entitled action on    03/02/2012    against    Blackhawk Network, Inc.   ,
*Date*

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................................ | $ _____ |
| Fees for service of summons and subpoena ........................................... | 3,148.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | ~~91,288.26~~ ② |
| | 81,313.96 |
| Fees and disbursements for printing ................................................. | _____ |
| Fees for witnesses *(itemize on page two)* ............................................ | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. ................................................ | 22,050.80 ③ |
| Docket fees under 28 U.S.C. 1923 ................................................. | _____ |
| Costs as shown on Mandate of Court of Appeals ...................................... | _____ |
| Compensation of court-appointed experts ............................................ | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | 14,499.50 ④ |
| Other costs *(please itemize)* ..................................... See Attached | ~~14,044.50~~ |
| TOTAL $ | ~~131,431.56~~ |
| | 121,012.26 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of    $ 121,012.26    and included in the judgment.

*Peter Oppeneer*    By: _____    2/21/13
*Clerk of Court*           *Deputy Clerk*         *Date*

e2Interactive, Inc. et al v. Blackhawk Network, Inc.
09-cv-629-slc

# NOTES TO CLERK'S TAXATION OF COSTS

1. Defendant argues that since it prevailed on a portion of the claims on summary judgment and plaintiffs were only awarded a portion of the damages they requested, plaintiffs did not prevail and no costs should be awarded. Plaintiff prevailed at trial and was ultimately awarded a permanent injunction. This is clearly "relief that alter[s] the legal relationship between the parties." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). Plaintiff is the prevailing party in this matter and is entitled to costs.

2. Defendant argues that plaintiffs should not be able to recover deposition costs related to claims on which defendant prevailed, realtime connections, rough drafts, ASCII fees, and videos of witnesses who appeared live. Plaintiffs have conceded the costs of the realtime connections, rough drafts, ASCII fees, and videos of witnesses who appeared live. As long as an issue was part of the case at the time of the deposition, plaintiffs are entitled to recover their costs regardless of whether they prevailed on the specific claim to which the cost relates. *Hudson v. Nabisco Brands*, 758 F.2d 1237, 1243 (7th Cir. 1985). Transcript costs are reduced only to account for plaintiffs' concessions.

3. Defendant objects to the copy costs requested by plaintiffs because plaintiffs fail to account for the costs in sufficient detail. Plaintiffs are not required to break down their copy costs to identify precisely which documents were being copied. Plaintiffs only have to "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus v. Procter & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). Plaintiffs have done that.

4. Defendant argues that plaintiff should not be able to collect costs for document collection and products costs because plaintiffs fail to account for the costs in sufficient detail. While plaintiffs concede $445 of the costs, they correctly assert that electronic processing of documents is the equivalent of copy costs. Plaintiffs have provided the best breakdown obtainable from retained records. The reduced amount of costs is awarded.